■ In the Matter of the Claim of JEAN A. ROBINSON, Appellant, v. VILLAGE OF GREENPORT et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the claimant from a decision of the Workmen's Compensation Board denying her death benefits. The board has found that decedent, a maintenance worker, " did not sustain an accident arising out of and in the course of his employment", and that prior to the fatal accident " he had deviated from his employment and abandoned it." Such determinations are factual and thus if supported by substantial evidence must be sustained. As this court stated in *Matter of Owen* v. *Oneida Ltd.* (16 A D 2d 1005, 1006) : " It is well settled that those activities which are purely personal pursuits are not within the scope of employment (e.g., *Matter of Pasquel* v. *Coverly*, 4 N Y 2d 28). The test as to whether a given activity engaged in by an employee sent away from home by his employer is within the ambit of the risk of employment is the reasonableness of such activity (*Matter of Davis* v. *Newsweek Mag.,* 305 N. Y. 20; *Matter of Fleer* v. *Glens Falls Ins. Co.*, 16 A D 2d 186; *Matter of Meredith* v. *United States Ind. Chem. Co.*, 14 A D 2d 955). This determination is one of fact to be decided on the particular facts of the case involved and thus one in which the board has 'the utmost freedom in which way disputed facts are to be decided and need not necessarily be consistent' (*Matter of Dresher* [*Lubin*], 286 App. Div. 591, 594; cf. *Matter of Hickey* v. *Ardale Bldg. Corp.*, 15 A D 2d 837)." The record here reveals that at about 10:00 P.M., on Sunday, November 12, 1961, one hour before his 11:00 P.M., quitting time, decedent telephoned his superior to inform him that a dry well at the central pumping station was flooding. Decedent was instructed to remain until he repaired the condition with the understanding that any time he spent beyond 11:00 P.M., would be deducted from his Monday workday. There is no absolute proof as to how long decedent took to complete the repair but the repair was apparently accomplished and a most liberal estimate considering his familiarity with the operation would be that he finished somewhere between 12:30 and 1:00 A.M., at the latest. Concededly upon completion of this task his employment assignments were completed. In any event, one Robert Bowes testified that between 10:30 P.M., and 2:00 A.M., he had observed decedent on half a dozen different occasions drinking boilermakers at Meyers' Bar and Grill located a considerable distance from the employment premises and that at 2:00 A.M., he awakened decedent who had fallen asleep in his car outside the bar by honking his horn. Whereupon decedent started his car and proceeded but a short distance out of the parking lot when his vehicle left the road, striking a parking meter and a telephone pole. Furthermore, decedent's actions as related by a physician who saw him shortly after the accident and a toxicological report done at an autopsy confirmed that claimant had consumed a very considerable quantity of alcohol. On the basis of this evidence we cannot say that the board could not reach the decision rendered. Nor does the fact decedent was an outside employee and thus that arguably his travel would ordinarily be considered a risk of employment require

the board to have reached a different result on the facts in the instant case (*Matter of Pasquel* v. *Coverly,* 4 N Y 2d 28, 30–32). Decision affirmed, without costs. Gibson, P. J., Herlihy and Staley, Jr., JJ., concur with Reynolds, J.